**Anthony THARPE, Plaintiff–Appellant,**

v.

**NATIONSTAR MORTGAGE LLC, Defendant–Appellee.**

No. 15–13153
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 20, 2016.

Anthony Tharpe, Wabasso, FL, pro se.

Nancy M. Wallace, Michael J. Larson, Akerman, LLP, Tallahassee, FL, Talina Bidwell, Steven Ellison, Tara Suzanne Pellegrino, Broad & Cassel, West Palm Beach, FL, William Patrick Heller, Law Offices of Akerman Senterfitt, Fort Lauderdale, FL, Edward John Welch, Ehren-

---

* Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

stein Charbonneau Calderin, Miami, FL, for Defendant–Appellee.

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Tharpe, proceeding *pro se*, alleges that Nationstar Mortgage violated the Fair Debt Collection Practices Act (FDCPA) through a series of communications about a mortgage bearing his name. The district court dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6). It construed the complaint to allege that Nationstar's only communication with Tharpe that violated the FDCPA was its filing of the foreclosure action. The court held that, construed in that manner, the complaint failed to state a claim for which relief could be granted because the FDCPA covers only debt collection activity and "[a] foreclosure action does not count as debt collection activity for FDCPA purposes." Tharpe appeals that judgment.

Our decision in *Reese v. Ellis, Painter, Ratterree & Adams,* 678 F.3d 1211 (11th Cir.2012), makes two points that are significant for this appeal. First, *Reese* noted that none of our published precedents decide the question on which the district court in this case rested its holding:

"whether enforcing a security interest is itself debt-collection activity covered by the [FDCPA]." *Id.* at 1218 n. 3.[1] Second, *Reese* held that "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest." *Id.* at 1218. That means, regardless of whether Nationstar was otherwise attempting to foreclose on the mortgage bearing Tharpe's name, if it also communicated with him in order to collect from him on the underlying debt, that communication is subject to the FDCPA.

The question, then, is whether Tharpe's complaint sufficiently alleges that in addition to acting to foreclose on his property Nationstar communicated with him in an attempt to collect on the note. We think that it does given that Tharpe is *pro se* and we liberally construe *pro se* complaints. *See Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir.2014). Liberally construed, Tharpe's complaint alleges more than that Nationstar undertook to foreclose on his property. It also alleges that "Nationstar and its predecessors" have been attempting to collect from him on the underlying note "for the last 7 years," including at times when Nationstar was not pursuing foreclosure. The allegations in the complaint thus extend beyond the foreclosure action, necessarily implying communications about collecting on the underlying debt. That, along with the fact Tharpe has plausibly alleged Nationstar is a "debt collector" of the sort covered by the FDCPA,[2] makes this case analogous to

---

**1.** Other federal courts of appeals have issued published decisions on this issue that reach the opposite conclusion from the one the district court reached here. *See, e.g., Glazer v. Chase Home Fin., LLC,* 704 F.3d 453, 455 (6th Cir.2013) (holding "that mortgage foreclosure is debt collection under the [FDCPA]."); *Wilson v. Draper & Goldberg, P.L.L.C.,* 443 F.3d 373, 376 (4th Cir.2006) (rejecting argument

"that foreclosure by a trustee under a deed of trust is not the enforcement of an obligation to pay money or a 'debt' " for purposes of the FDCPA).

**2.** Nationstar contends that Tharpe's allegations that it is a "debt collector" are vague and conclusory. They are not. Tharpe has alleged that Nationstar's business involves the regular collection of thousands of debts from

*Reese.* Nationstar's motion to dismiss should have been denied.

In reaching this conclusion, we leave unanswered whether foreclosing on mortgaged property is, by itself, debt collection activity within the scope of the FDCPA.[3] All that we decide today is that Tharpe's complaint states a claim under the FDCPA because, liberally construed, it fits within the parameters staked out in *Reese.*

**REVERSED and REMANDED.**

---

thousands of consumers. That allegation, if true, would support a finding that Nationstar is a "debt collector" within the scope of the FDCPA. *See* 15 U.S.C. § 1692(6).

**3.** The district court repeatedly referred to the "general rule" from *Warren v. Countrywide Home Loans, Inc.,* 342 Fed.Appx. 458 (11th Cir.2009), and *Dunavant v. Sirote & Permutt,*

*PC,* 603 Fed.Appx. 737 (11th Cir.2015), that a "foreclosure action does not count as debt collection activity for FDCPA purposes." *Warren* and *Dunavant* are unpublished panel decisions, so any "general rules" derived from them are not binding. *See* 11th Cir. R. 36–2.